BY FAX

ORIGINAL

Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Julie Benson

FILED
OCT 10 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-Filing

C13-4733 NC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Benson,<br><br>    Plaintiff,<br><br>vs.<br><br>Transworld Systems Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:    ADR<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ.***<br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Julie Benson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Julie Benson (hereafter "Plaintiff"), is an adult individual residing at Ruskin, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Transworld Systems, Inc. ("TSI"), is a California business entity with an address of 2235 Mercury Way, Suite 275, Santa Rosa, California 95407, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by TSI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. TSI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to TSI for collection, or TSI was employed by the Creditor to collect the Debt.

11. TSI attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **The Facts**

12. Within the last year, TSI began contacting Plaintiff by placing calls to her residential and cellular telephones in an attempt to collect the Debt.

3  COMPLAINT FOR DAMAGES

13. During the initial conversation, TSI failed to advise Plaintiff that the call was an attempt to collect the Debt.

14. During the initial conversation and during several subsequent conversations, Plaintiff acknowledged that TSI was calling the correct person, but TSI would not identify itself or the nature of the call unless Plaintiff first provided her current address.

15. During each of the calls, Plaintiff repeatedly stated her unwillingness to provide her address until such time as TSI identified itself and informed Plaintiff of the nature of the Debt and the name of the Creditor.

16. Each call resulted in a stand-off of sorts, with Plaintiff refusing to provide her address and TSI refusing to provide information regarding the nature of the Debt. Annoyed, Plaintiff requested during the calls that TSI cease calling.

17. Knowing that Plaintiff did not want to be calls and was unwilling to provide her address until such time as the nature of the debt was disclosed, TSI nonetheless continued a calling campaign to Plaintiff. TSI continued to call Plaintiff at an annoying and harassing rate, placing almost daily calls to her to her home and cellular telephone.

18. Plaintiff attempted to contact TSI's CEO, to complain of the harassing calls. During her attempt, Plaintiff was put on hold for seventeen minutes and TSI terminated the call.

19. Plaintiff was never able to converse with the CEO, but the calls from TSI continued.

20. TSI failed to send Plaintiff written validation of the Debt, including notice of Plaintiff's rights under federal law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

25. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

26. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

32. Transworld Systems Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

33. The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

COMPLAINT FOR DAMAGES

41. TSI placed automated calls to Plaintiff without prior express consent, and continued to place calls to Plaintiff after being advised that she did not wish to receive calls from TSI in violation of 47 U.S.C. § 227(b)(1)(A).

42. After being advised by Plaintiff to stop calling, TSI continued to place automated calls Plaintiff knowing that it lacked consent to call her cellular number. As such, each call placed to Plaintiff on her cellular telephone was made in knowing and/or willful violation of the TCPA, and should therefore be subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

43. The telephone number called by TSI was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. TSI's telephone equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

45. The calls from TSI to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

34. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

35. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

36. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

37. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

38. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. At all times mentioned herein, TSI's calls to Plaintiff on her cellular telephone were made using an automated telephone dialing system ("ATDS") and/or by using an artificial or pre-recorded voice ("automated calls").

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 10, 2013                    TAMMY HUSSIN

By:   /s/  *Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff Julie Benson